UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRY STRICKLAND, Individually and On Behalf of All Others Similarly Situated, § § § § § Plaintiff, § § v. § § CHEROKEE ROCK, INC.; § ECOSTIM, INC.; and ECO-STIM § ENERGY SOLUTIONS, INC., § § Defendants. § | No._____ JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Terry Strickland (referred to as "Plaintiff" or "Strickland") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Cherokee Rock, Inc., EcoStim, Inc., and Eco-Stim Energy Solutions, Inc. (referred to as "Defendants" or "EcoStim"). In support thereof, he would respectfully show the Court as follows:

**I. Nature of Suit**

1. Strickland's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. EcoStim violated the FLSA by employing Strickland and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. EcoStim violated the FLSA by failing to maintain accurate time and pay records for Strickland and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Strickland brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Strickland's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8. Terry Strickland is an individual who resides in Tarrant County, Texas and who was employed by EcoStim during the last three years.

9. Cherokee Rock, Inc. is a Texas corporation that may be served with process by serving its registered agent: EcoStim, Inc., at 2930 W. Sam Houston Parkway N, Suite 275, Houston, Texas 77043. Alternatively, if the registered agent of Cherokee Rock, Inc. cannot with reasonable diligence be found at the company's registered office, Cherokee Rock, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. EcoStim, Inc. is a Texas corporation that may be served with process by serving its registered agent: Jon Chris Boswell, at 2930 W. Sam Houston Parkway N, Suite 275, Houston, Texas 77043. Alternatively, if the registered agent of EcoStim, Inc. cannot with reasonable diligence be found at the company's registered office, EcoStim, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Eco-Stim Energy Solutions, Inc. is a Nevada corporation that may be served with process by serving its registered agent: C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201. Alternatively, if the registered agent of Eco-Stim Energy Solutions, Inc. cannot with reasonable diligence be found at the company's registered office, Eco-Stim Energy Solutions, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Whenever it is alleged that EcoStim committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of EcoStim or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11. EcoStim provides hydraulic fracturing technology and field-management services to customers in the offshore natural gas and oil industry; it does business in the territorial jurisdiction of this Court.

12. EcoStim employed Strickland as a Service Supervisor, sometimes called a "Treater," from April 2017 to March 2018.

13. Though EcoStim labeled Strickland a supervisor, Strickland's primary duties were nonexempt.

14. As a Service Supervisor, Strickland was primarily tasked with pumping operations, including rigging up and rigging down, monitoring equipment, maintaining the well and fixing any problems. The Service Supervisors report to the Field Supervisor.

15. Strickland's primary duties did not include office or nonmanual work.

16. Strickland's primary duties were not related to the management or general business operations of EcoStim or its customers.

17. Strickland's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

18. Strickland did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

19. Strickland did not have the discretion or authority to make any decisions with respect to matters of significance.

20. Instead, Strickland was required to follow the policies, practices and procedures set by EcoStim.

21. Strickland did not have any independent authority to deviate from these policies, practices, and procedures.

22. During Strickland's employment with EcoStim, he was engaged in commerce or the production of goods for commerce.

23. During Strickland's employment with EcoStim, the company had employees engaged in commerce or in the production of goods for commerce.

24. During Strickland's employment with EcoStim, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

25. During Strickland's employment with EcoStim, the company had an annual gross volume of sales made or business done of at least $500,000.

26. EcoStim paid Strickland on a salary basis.

27. During Strickland's employment with EcoStim, he regularly worked in excess of forty hours per week. Strickland was generally scheduled to work 84 hours per workweek and often worked more.

28. EcoStim knew or reasonably should have known that Strickland worked in excess of forty hours per week.

29. EcoStim did not pay Strickland overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

30. Instead, EcoStim paid Strickland a fixed sum of money regardless of the number of hours he worked in a workweek.

31. In other words, EcoStim paid Strickland overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

32. EcoStim knew or reasonably should have known that Strickland was not exempt from the overtime provisions of the FLSA.

33. EcoStim failed to maintain accurate time and pay records for Strickland as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

34. EcoStim knew or showed a reckless disregard for whether its pay practices violated the FLSA.

35. EcoStim is liable to Strickland for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

36. All service supervisors, or "treaters," employed by EcoStim are similarly situated to Strickland because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from EcoStim pursuant to 29 U.S.C. § 216(b).

**V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

37. Strickland adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. During Strickland's employment with EcoStim, he was a nonexempt employee.

39. As a nonexempt employee, EcoStim was legally obligated to pay Strickland "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

40. EcoStim did not pay Strickland overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed."  29 U.S.C. § 207(a)(1).

41. Instead, EcoStim paid Strickland a fixed sum of money regardless of the number of hours he worked in a workweek.

42. In other words, EcoStim paid Strickland overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

43. If EcoStim classified Strickland as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44. EcoStim knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, EcoStim willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

45. Strickland adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

46. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47. In addition to the pay violations of the FLSA described above, EcoStim also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

48. Strickland adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

49. On information and belief, other employees have been victimized by EcoStim's violations of the FLSA identified above.

50. These employees are similarly situated to Strickland because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51. EcoStim's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

52. Since, on information and belief, Strickland's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53. All employees of EcoStim, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All service supervisors, or "treaters," paid a salary employed by EcoStim during the last three years.

54. EcoStim is liable to Strickland and the other service supervisors, or "treaters," for the difference between what it actually paid them and what it was legally obligated to pay them.

55. Because EcoStim knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Strickland and the other service supervisors, or "treaters," their unpaid overtime wages for at least the last three years.

56. EcoStim is liable to Strickland and the other service supervisors, or "treaters," in an amount equal to their unpaid overtime wages as liquidated damages.

57. EcoStim is liable to Strickland and the other service supervisors, or "treaters," for their reasonable attorneys' fees and costs.

58. Strickland has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

59. Strickland demands a trial by jury.

## IX.  Prayer

60. Strickland prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Strickland and the other service supervisors, or "treaters," all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

  c. prejudgment interest at the applicable rate;

  d. postjudgment interest at the applicable rate;

  e. incentive awards for any class representative(s); and

  f. all such other and further relief to which Strickland and the other service supervisors, or "treaters," may show themselves to be justly entitled.

           Respectfully submitted,

           MOORE & ASSOCIATES

           By: _/s/ Melissa Moore_
           Melissa Moore
           State Bar No. 24013189
           Federal Id. No. 25122
           Curt Hesse
           State Bar No. 24065414
           Federal Id. No. 968465
           Lyric Center
           440 Louisiana Street, Suite 675
           Houston, Texas 77002
           Telephone: (713) 222-6775
           Facsimile: (713) 222-6739

           **ATTORNEYS FOR PLAINTIFF TERRY STRICKLAND**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739